EDWARD L. HOLLOWAY, Executor of Susanna Hol-
loway, Deceased, *vs.* THE INSTITUTE OF
MISSION HELPERS OF
BALTIMORE CITY.

*Wills: construction; bequests to eleemosynary institutions; ir-
regularities in name; unincorporated bodies; subordinate
organizations of incorporated bodies;
intention of testatrix.*

A Maryland corporation, The Institute of Mission Helpers of
Baltimore City, had for its purpose to aid the indigent poor
among negroes, especially deaf mutes; the religious com-
munity whose members carried on the work of the corpora-
tion were members of a society called The Institute of Mis-
sion Helpers of the Sacred Heart; the better to carry on their
work, a school was established in Baltimore City known as
St. Francis Xavier Roman Catholic Boarding and Day
School for Deaf Mutes. This was the only corporation, com-
munity and school of that name in the City of Baltimore.
The testatrix during her life had frequently made contribu-
tions to The Institute of Mission Helpers of Baltimore under
the name of The Institute of Mission Helpers of the Sacred
Heart, and by contributions to the St. Francis Xavier Roman
Catholic Boarding and Day School for Deaf Mutes; in her
will, among bequests to several bodies corporate, she left a
legacy to St. Francis Xavier Roman Catholic Boarding and
Day School for Deaf Mutes, and one also to The Institute
of Mission Helpers of the Sacred Heart; neither of these
institutions were incorporated, but in view of the circum-
stances and of the fact that the testatrix knew that the school
was conducted by The Institute of Mission Helpers of Balti-
more City, it was *held*, that the devise was valid.   pp. 670-671

The fact that the testatrix, in her will, referred to the school
as a body corporate, was held not to affect the question.   p. 672

*Decided February 21st, 1913.*

Appeal from the Circuit Court of Baltimore City (BOND, J.).

The facts are stated in the opinion of the Court.

The appeal was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*John B. Deming* (with a brief by *Whitelock, Deming & Kemp*), for the appellant.

*Robert Biggs,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court of Baltimore City, requiring the executor of Susanna Holloway, deceased, to pay to the Institute of Mission Helpers of Baltimore City, a legacy of $500.00 which by the will of said deceased was given to St. Francis Xavier Roman Catholic Boarding and Day School for Deaf Mutes.

The bill, which was filed by the Institute of Mission Helpers of Baltimore City, alleges that "it is a body corporate duly incorporated under the laws of the State of Maryland," and "engaged in charitable work among the indigent poor, particularly those of the negro race and among those known as deaf mutes; that for the purpose of carrying on its work it has established a large institution on Biddle street and McCulloh street, in Baltimore City"; that while the corporate name of the plaintiff is The Institute of Mission Helpers of Baltimore City, the name "of the religious community" engaged in said work is "The Institute of Mission Helpers of the Sacred Heart"; "that there is no other organization, corporation or religious body in the City of Baltimore or in the State of Maryland or elsewhere," so far as the plaintiff is advised, "having the same name as that under which" the plaintiff "is incorporated or the same name as that of the religious community carrying on the work afore-

said"; that the plaintiff "in carrying on its work among
deaf-mutes in Baltimore City and in the State of Maryland,
opened a school in one of its buildings" on McCulloh street
and called said school "St. Francis Xavier Roman Catholic
Boarding and Day School for Deaf Mutes," and that so far
as the plaintiff is advised there is no other organization or
school in Baltimore City or the State bearing a similar name;
that Susanna Holloway during her life "was a patroness of
the work carried on by" the plaintiff "and frequently made
contributions to" the plaintiff "under the name of 'The Insti-
tute of Mission Helpers of the Sacred Heart,' and to the
particular work carried on" by the plaintiff "among the
deaf-mutes under the name of 'St. Francis Xavier Roman
Catholic Boarding and Day School for Deaf-Mutes' "; that
the plaintiff "is commonly known in community under the
name of The Institute of Mission Helpers of the Sacred
Heart," and that the name St. Francis Xavier Roman Cath-
olic Boarding and Day School for Deaf-Mutes "is merely the
name adopted to be descriptive of the principal work carried
on" by the plaintiff among the deaf-mutes of Baltimore City
and State of Maryland, but that "said school is not incor-
porated independent of the incorporation of" the plaintiff;
that the said Susanna Holloway died in Baltimore City
"leaving a last will and testament which was duly admitted
to probate by the Orphans' Court of Baltimore City," and
letters testamentary were granted to the executor named
therein; that the ninth paragraph of said will provides:
"Ninthly. I give and bequeath to the following bodies cor-
porate the respective sums of money herein mentioned," and
that section B and section G of said paragraph are as fol-
lows: "B. To St. Francis Xavier Roman Catholic Boarding
and Day School for Dear-Mutes, the sum of five hundred
dollars." "G. To the Institute of Mission Helpers of the
Sacred Heart the sum of five hundred dollars"; that said
executor has paid all the debts due by the said decedent,
has ample funds with which to pay all legacies, and has

paid the legacy to the plaintiff "under the name of the Institute of Mission Helpers of the Sacred Heart," but that he contends that, owing to the misnomer of the plaintiff in section B of paragraph 9, the legacy therein mentioned is null and void, and has declined to pay the same to the plaintiff.

The executor demurred to the bill, with which a copy of the will was filed, and the case having been submitted for final decree, the Court below overruled the demurrer and passed the decree to which we have referred.

The bill states that the St. Francis Xavier Roman Catholic Boarding and Day School for Deaf-Mutes is not incorporated, and the grounds upon which the appellant resists the payment of the legacy are, first, that said school is not incorporated and is, therefore, incapable of taking the legacy, and, second, that "there is no evidence, nor any theory of construction, from which it is possible to conclude" that the testatrix intended the legacy to go to the appellee.

In our view of the case both of these objections are fully covered by the decisions in this State. The bill avers that the appellee is a corporation engaged in charitable work among the indigent poor, and particularly those of the negro race known as deaf-mutes; that there is no other corporation or organization of a similar name in Baltimore City or the State engaged in said work; that said school is the principal work carried on by the appellee among deaf-mutes of the city and State, and that during her life the testatrix made frequent contributions to the appellee under the name of the Institute of Mission Helpers of the Sacred Heart, and to the particular work carried on by the appellee "under the name of St. Francis Xavier Roman Catholic Boarding and Day School for Deaf-Mutes." These facts are admitted by the demurrer, and clearly show that the testatrix intended the legacy mentioned in section B of paragraph nine to go to the appellee and to be devoted by it to the particular work in which said school was engaged. While the school is not

incorporated, the facts alleged in the bill show that it is a part of the organization of the appellee and was established by it as one of the means of accomplishing the object of its incorporation. If the bequest had been to the appellee it could have applied the fund to any purpose within its corporate functions, and there is no reason why it may not receive a legacy to be applied to a school which is conducted as a part of the work for which the appellee was incorporated.

In the case of *Eutaw Place Baptist Church* v. *Shively et al.*, 67 Md. 493, where the bequest of $1,000.00 was to the "Eutaw Place Baptist Church of Baltimore City," the income to be applied to the Sunday school belonging to or attached to said church, CHIEF JUDGE ALVEY, after stating that the Sunday school was not an incorporated body, but was shown to be an integral part of the church organization, referring to Bible classes and Sunday schools, said: "We all know that they are ordinary means adopted in church organizations for the prupose of religious instruction. And that being so, why may not the incorporated church receive aid from the benevolent dispenser of charities for the support of a Sunday school or a Bible class, as well as for the support of the minister who teaches from the pulpit."

In the case of *Reilly* v. *Union Prot. Infirmary,* 87 Md. 664, one of the bequests was to the Home Mission of the Presbyterian Church of Baltimore, and the Court, in sustaining the bequest, said: "There is no body corporate by that name, but there is a corporation chartered by the General Assembly of Maryland under the Act of 1890, Ch. 84, and called 'The Trustees of the Presbytery of Baltimore.' * * * Whilst there is no such body corporate as the Home Mission, 'the Committee of the Home Mission of the Presbytery of Baltimore' is the best known, most active and widely useful auxiliary of 'The Trustees of the Presbytery of Baltimore.' The body corporate performs its functions through the agency of committees, and as the Committee of the Home Mission is not only the best known but the most active, its

name has, very naturally, become more familiar to many of the members of the Presbyterian Church than the name of the body corporate itself."

It is urged, however, on the part of the appellant that these cases, and others that might be cited to the same effect, do not apply to this case, because the reference to the school as a body corporate forbids the assumption that the testatrix *"mistook* it for the parent corporation," and because that assumption is further negatived by the separate legacy to the "Institute of Mission Helpers of the Sacred Heart." But we can not agree with this contention. The mere fact that the testatrix gave the appellee a legacy, without designating the *particular* work to which it was to be applied, does not justify the conclusion that she did not intend the appellee to receive the bequest to the school, which was conducted and maintained by the appellee as a part of its work among deaf-mutes in Baltimore City and the State. Nor does the fact that the school is referred to as a body corporate warrant that conclusion. The bill alleges that the testatrix frequently made contributions to the *appellee* under the name of the school. She, therefore, knew that the school was conducted by the appellee, and must have intended the legacy in question to be received and applied by it to the support of the school.

In the case of *Trinity M. E. Church* v. *Baker,* 91 Md. 539, the testatrix gave $4,200.00 to "The Trustees of the Randolph-Macon College, a corporation organized under the laws of the State of Virginia," and $800.00 to "The Woman's College, located in the City of Lynchburg." The Woman's College was not incorporated, but the Court held that Randolph-Macon College, which was incorporated and carried on a part of its work through the agency of the Woman's College, was entitled to receive both bequests.

For the reasons stated we will affirm the decree of the Court below.

> *Decree affirmed, the costs to be paid out of the estate.*