## BOARD OF FOREIGN MISSIONS OF THE GENERAL SYNOD OF THE EVANGELICAL LUTHERAN CHURCH

*vs.*

### OLIVER T. SHOEMAKER, ET AL.

---

### OLIVER T. SHOEMAKER, ET AL.,

*vs.*

## ST. PAUL'S EVANGELICAL LUTHERAN CHURCH.

*Wills: construction; devise to religious corporations; to governing body, instead of to corporate church; for purposes of church; valid; indefinite bequests void. Husband and wife: tenants in common; adjoining lots purchased by husband; improved by additions to house.*

Where it is clear that a devise is intended for a particular church, named by the testator, for a parsonage, or to be sold to provide an organ, it will not be held to fail merely because the testator uses the name of the governing body of the church corporation in his designation as beneficiary.          p. 597

Where a testator and his wife had owned a house and lot as tenants in common, and he had purchased several adjoining strips or lots, and had improved them by additions to the house and as an alleyway, a devise of the house and lot, should the wife possess it at her death, applies to the whole lot.   ·  p. 598

A devise to a cemetery committee of a church of a fund to keep the cemetery in repair is valid, although the committee is unincorporated; the church being authorized by the charter to receive such bequests, its right thereto should not be denied merely because made through the agency which the church had placed in charge of that part of its corporate service.     p. 598

A bequest to an institution by name under which none exists, and where no evidence discloses what was intended, is void.
                                                              p. 599

Where it is a *concessum* what corporation a testator intended by the name he used, the bequest should be given its proper effect.                                                        p. 599

Where a testator was a regular attendant to a particular church and always contributed liberally to its work in foreign mission, it was *held,* that a devise by him to the council of the church, to be invested and interest paid to the Board of Foreign Missions, which was the name by which its proper and corporate body for such work was generally known and spoken of, was valid and should be given proper effect.     pp. 600-601

A devise to the governing body of a church for work and purposes proper for it to engage in should be given the same effect as though made to the church itself in its corporate capacity.                                                     pp. 600-601

*Decided January 16th, 1919.*

Cross-appeals from the Circuit Court for Carroll County. In Equity.  (Moss, J.)

The appeals were argued together before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Theodore F. Brown,* for Oliver T. Shoemaker, et al.

*Francis Neal Parke,* for the Board of Foreign Missions, *et al.*

URNER, J., delivered the opinion of the Court.

There are cross-appeals in this case from a decree construing and applying certain provisions of the will of Samuel C. Shoemaker, late of Carroll County.

After making a bequest of $400.00 to a brother, and devising and bequeathing the remainder of his estate to his wife during her life, with power of sale for the purposes of reinvestment, the testator provided by the third item of his will, as follows:

> "Should my wife, Mary M. Shoemaker, possess the house and lot in Harney, Carroll County, Maryland, at her death, it is my wish to give the said house and lot to the Church Council of Saint Paul's Lutheran Church in Harney, Carroll County, Maryland, to be used as a parsonage. If the said Council should not wish to use the said property as a Parsonage, I hereby authorize said Council to sell the property to the best advantage and the proceeds therefrom to go towards the purchase of a pipe organ for said Saint Paul's Church. If my wife should sell the above-named property before her death, I devise the amount she received for the property to go towards the purchase of said organ."

The testator survived his wife and died seized of the house and lot in Harney to which the will refers. Two questions are raised as to the effect of the devise of the property thus described to the "Church Council of St. Paul's Lutheran Church in Harney, Carroll County, Maryland." One of these questions relates to the capacity of the devisee to take under the will, and the other is concerned with the area and limits of the lot intended to be devised.

The Lutheran Church at Harney, Carroll County, is incorporated under the name of "St. Paul's Evangelical Lutheran Church of Harney." Its governing body consists of a Church Council which is composed of elders, deacons and trustees. The Council, of course, has no corporate existence of its own independently of the Church of which it forms a part. It is

contended, therefore, that the devise to the Church Council
of St. Paul's Evangelical Lutheran Church of Harney, is
invalid because made to an unincorporated body incapable of
being the object of such a testamentary disposition.

It is clearly apparent from the terms of the will that the
testator understood and intended the devise to be to the
Church itself for uses appropriate to its corporate and relig-
ious functions. The devised property was to be used as a
parsonage, unless it was not desired for that purpose, in
which event, it was to be sold and the proceeds applied to
the purchase of an organ for the Church. There is no indi-
cation of any intention that the subject of the devise should
be held by the council as an entity separate from the Church
whose interests it represented. The testator evidently at-
tempted to name correctly in this devise the Church organ-
ization, of which the evidence shows him to have long been
a devoted member, and which he desired to be one of the
principal objects of his bounty. His testamentary purpose
being obvious, the devise cannot be permitted to fail because
he included the name of the governing body of the Church
corporation in his designation of that beneficiary. *Holloway*
v. *Mission Helpers,* 119 Md. 667; *Doan* v. *Ascension Parish,*
103 Md. 665; *Woman's Foreign Mission Society* v. *Mitchell,*
93 Md. 199; *Reilly* v. *Union Protestant Infirmary,* 87 Md.
668.

The house in Harney which the testator owned and occu-
pied at the time of his death was erected upon a lot of ground
which, after its acquisition by him and his wife as joint ten-
ants, was enlarged by the acquisition of several adjacent par-
cels, the whole being used together as one property. The
contention is made that the devise of "the house and lot in
Harney" includes only the original lot upon which the house
was built and a subsequently acquired strip of ground which
was used with it as an alleyway. To thus restrict the devise
would be to exclude from its operation portions of the grounds
and improvements which the testator himself had provided

## 598  BD. OF FOREIGN MISS. *vs.* SHOEMAKER.

and used as essential to the convenience of his home. In applying such a theory it would be necessary to establish a line of division which would deprive the property devised of a well, chicken house, woodshed, hogpen, toilet, cowpen, truck patch and a considerable part of the lawn, used in connection with the dwelling. This could certainly not have been the testator's intention when he devised to the church, for use as a parsonage, the "house and lot" which he had acquired, improved and appropriated for domestic uses in the manner described. The Court below sustained the validity of this devise, and held it applicable to the whole of the lot of ground appurtenant to the testator's house in Harney. In that conclusion we concur.

The fourth clause of the will bequeathes "to the Mountain View Cemetery Committee of St. Paul's Lutheran Church, in Harney, Carroll County, Maryland, five hundred dollars to be put on interest and the proceeds to go towards keeping the cemetery in repair." It appears from the evidence that the Lutheran Church at Harney owns a cemetery which is known by the name of "Mountain View," and which is managed by a committee annually elected by the Church Council. In this cemetery the testator and his wife are buried. The point raised as to this bequest is that it is made to an unincorprated church committee and is therefore invalid. The Court below properly overruled this contention. A bequest to the duly organized agency of the church, for one of its legitimate corporate uses, was in effect a bequest to the church itself in its corporate capacity. Under its charter and the laws of the State, the church was authorized to hold and use land for such purposes as it may deem most conducive to its interest. Code, Art. 23, Sec. 340. A familiar exercise of such corporate power has been the maintenance of church burial grounds. The Lutheran Church of Harney is clearly competent to receive a bequest for the maintenance of its cemetery, and its right to such a gift should not be denied merely because it is made through the medium of the

agency which the church has placed in charge of this part of its corporate service.

In *Holloway vs. Mission Helpers, supra,* a bequest to an unincorporated school for deaf mutes, for the support of its work, was held to be effective as virtually a bequest to a corporate organization which carried on part of its authorized activities through the school named as legatee. Likewise in *Reilly* v. *Union Protestant Infirmary, supra,* a bequest to the Home Mission of the Presbyterian Church of Baltimore was sustained because, while there was no body corporate by that name, there was a corporation called "The Trustees of the Presbytery of Baltimore," which had an auxiliary known as the "Committee of the Home Mission of the Presbytery of Baltimore." It was held that as the "body corporate performs its functions through the agency of its committees," and as the Home Mission Committee was in charge of objects for which the Trustees of the Presbytery were incorporated, its name was doubtless intended to be used as descriptive of the corporation. The principles of the cases just cited furnish ample support for the validity of the bequest made by item four of the present will.

The fifth item is a bequest of five hundred dollars to the Old People's Home of Baltimore City. The evidence does not disclose the existence of any institution by that name, or satisfactorily refer to any corporate or other organization for which his bequest was intended. There is no reason to question the action of the Court below in holding it to be void.

By the sixth clause of his will the testator bequeathed five hundred dollars to "the Loysville Orphanage of Pennsylvania." The evidence plainly shows, and it is a concession in the case, that the legatee intended to be identified by this designation is a corporation by the name of the "Tressler Orphan Home of the Evangelical Lutheran Church of the General Synod in the United States of America," located at Loysville, Pennsylvania, and commonly known by the name which the will mentions. This bequest was properly given effect by the lower Court.

The only remaining provision to be considered is the seventh clause of the will, as follows: "The residue of my estate to the Church Council of St. Paul's Lutheran Church, in Harney, Carroll County, Maryland. The same to be put on interest by said Council and the interest derived therefrom to be paid annually by said Council to the Board of Foreign Missions." This disposition of the residuary estate was held void by the Court below on the theory that the designation of the "Board of Foreign Missions" as a beneficiary was too indefinite and uncertain, and that the clause violates the rule against perpetuities. In this view we are unable to concur. It is proven in the case that the foreign missionary work in which the Lutheran Church of Harney was regularly and actively interested was conducted through the Board of Foreign Missions of the General Synod of the Evangelical Lutheran Church in the United States of America, an incorporated body, generally known among the church members by the shorter name of the Board of Foreign Missions, by which agency all the funds raised for foreign missions by the Harney Church and other Lutheran congregations were applied to their intended objects. The testator was a liberal contributor, through the local church of which he was a member, to the foreign mission funds thus administered. In view of his relationship to the church and to this branch of its customary and appropriate religious work, it may be considered certain that in mentioning the Board of Foreign Missions in the residuary clause of his will he intended to designate the corporate agency of that name having charge of the foreign mission work of his own church. The residuary estate should consequently be regarded as having been devised and bequeathed to the Church Council of St. Paul's Lutheran Church of Harney, with directions that the income be paid to the Board of Foreign Missions of the General Synod of the Evangelical Lutheran Church of the United States. As already concluded, in reference to a preceding clause of the will, a devise or bequest to the Church Council for appropriate church purposes is equivalent to a testamentary gift to

the church itself in its corporate capacity. In effect, therefore, the clause in question gives the residuary estate to the Lutheran Church of Harney for the promotion of its foreign mission work through the general church agency provided as the medium for such activities. If the direction had been simply that the church apply the income from the estate to the support of foreign missions, without any mention of the Church Board in that connection, the effect of the gift would have been the same as under the terms actually employed, because, as the evidence shows, the application of the income to the objects in view would necessarily have been made through that agency. It is essentially a gift to the church for the benefit of foreign missions. This being one of the recognized religious interests which the church was organized to promote, a devise or bequest to it, with provision for the application of the income to such a purpose, is not invalid on the ground that the objects of the gifts are indefinite or that the rule against perpetuities is thereby violated. *Baltzell* v. *Church Home,* 110 Md. 244; *Gray* v. *Orphans' Home,* 128 Md. 592; *Halloway* v. *Mission Helpers,* 119 Md. 667; *Woman's Foreign Mission Soc.* v. *Mitchell,* 93 Md. 199; *Doan* v. *Ascension Parish,* 103 Md. 662; *Ege* v. *Hering,* 108 Md. 391; *Snowden* v. *Crown Cork and Seal Co.,* 114 Md. 655; *Conner* v. *Trinity Reformed Church,* 129 Md. 360; *Eutaw Place Baptist Church* v. *Shively,* 67 Md. 493; *Trustees* v. *Asbury Sunday School,* 109 Md. 678; *Trinity M. E. Church* v. *Baker,* 91 Md. 539.

The decree will accordingly be reversed, in so far as it declares the residuary clause void, but in other respects it will be affirmed.

> *Decree affirmed in part and reversed in part, and cause remanded, the costs to be paid out of the estate.*