CYRIL THOMAS, *Adm'r d.b.n.c.t.a. et al. vs.* GENERAL BOARD OF THE CHURCH OF THE NAZARENE *et al.*

AUGUST 22, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill for the construction of the will of Leon Dexter Fitch, late of the town of Glocester, deceased. The cause was heard in the superior court on bill, answers and oral proof and when it was ready for hearing for final decree it was certified to this court for determination in accordance with general laws 1938, chapter 545, §7.

The bill was brought by the administrator *d.b.n.c.t.a.* and The Wesleyan Church of the Nazarene, a Rhode Island corporation, against the General Board of the Church of the Nazarene, a Missouri corporation, hereinafter sometimes called the General Board, the attorney general of Rhode Island, and the known and unknown next of kin and heirs of the deceased. According to the record, the testator left no lineal descendants but was survived by a first cousin John Burnside Ray, several cousins once removed, and numerous more distant relatives. All known relatives were served with process and the interests of those unknown and of one known relative who was of unsound mind were committed to the care of a guardian *ad litem* appointed by the superior court.

Answers were filed by the General Board, the attorney general and some of the known relatives. The guardian *ad litem* submitted the interests in his care to the protection of the court. Decrees *pro confesso* were taken against all the remaining relatives, including John Burnside Ray who did not appear or answer. The attorney general of Rhode Island was made a respondent in view of the

possibility that the existence of a public charity was involved. *Powers* v. *Home for Aged Women,* 55 R. I. 187.

The contentions of the several parties will not be stated in detail here but as our discussion proceeds we shall refer to them as the need arises. The testamentary provision which has provoked the controversy between the parties is as follows: "Second: All the rest and residue of my estate of every kind and description, real, personal and mixed, wherever located, now or hereafter owned by me, and not otherwise disposed of herein, I give, bequeath and devise to the WESLEYAN CHURCH OF THE NAZARENE, 19 Academy Avenue, Providence, Rhode Island, in trust however, to expend the principal and income for the general interests of the Church of the Nazarene, in Africa."

Under paragraph seventeenth of the bill of complaint complainants pray that this court determine and declare by its decree: "(1) Whether or not The Wesleyan Church of the Nazarene is entitled to take the residue of the estate of and administer the trusts therein provided for; (2) If The Wesleyan Church of the Nazarene is not entitled to so take and administer, whether or not the testator evidences a general charitable intent with respect to his residuary estate so that there may be a *cy pres* application thereof, or is such estate held subject to a resulting trust for the heirs at law and next of kin of the testator; (3) If The Weslyan Church of the Nazarene is not entitled to so take and administer, and if such a general charitable intent is evidenced, whether or not the carrying out of the provisions of said agreement between the complainant The Wesleyan Church of the Nazarene and the respondent General Board of the Church of the Nazarene constitutes a proper compliance with the terms of said will; (4) To whom may the complainant, administrator properly pay the net funds in his hands; and (5) What is the duty of the complainant, The Wesleyan Church

of the Nazarene with reference to the real estate owned and possessed by the testator at the time of his death."

The possible need for an answer to each of those questions arises from a latent ambiguity in the testamentary language which makes it impossible to say from the face of the will whether The Wesleyan Church of the Nazarene is to take and actively administer the trust, or whether it is intended by the testator to be no more than a conduit by means of which the general interests in Africa of the Church of the Nazarene are to be served. There is also an ambiguity as to what was meant by the testator when he used the expression "for the general interests of the Church of the Nazarene, in Africa." To clarify, if possible, those ambiguities and determine what relation, if any, the testator bore to those interests and to The Wesleyan Church of the Nazarene it is necessary to look beyond the four corners of the will, and for the purpose of such clarification evidence of those matters was admitted in the superior court and is now before this court to aid us in construing the true intention of the testator in the gift of the residue of his estate under the second clause of his will.

It appears from such evidence that when the testator executed his will and also at the time he died The Wesleyan Church of the Nazarene was a local member of the general church body known as the Church of the Nazarene which is governed by a Missouri corporation styled "The General Board of the Church of the Nazarene." Under this board are grouped several departments charged with the conduct and supervision of various activities of the church. One of those departments is that of foreign missions which supervises and administers all the missionary work of the church outside of the United States and Mexico. Among the various foreign mission fields is Africa where the church has chapels, hospitals, clinics, schools and other humanitarian facilities open to all people regardless of race, creed or color, and all conducted in aid of the primary work

of the church in evangelization of the gospel and the more general knowledge and worship of Almighty God.

This missionary work is financially supported by contributions from the individual local churches of the general body, such contributions being fixed by a regional assembly of the church. In this area such assembly is known as the New England district. The Wesleyan Church of the Nazarene in Providence was, at the date of the execution of testator's will and at the time of his death, a member of such district and still is. That church regularly paid its contribution, as fixed by the assembly, to the General Board. In addition several societies of that church also made contributions for mission work, all of which were sent to the General Board at Kansas City, Missouri.

It further appears from the evidence that the testator was a licensed minister of the Church of the Nazarene and an ordained elder as well, which is of a higher rank in that church than minister. He attended district assemblies and was familiar with the work of the church in the foreign missionary field, contributed thereto in his local church and was especially interested in such activity by the church in Africa. He enrolled in the church college at Wollaston, Massachusetts, in special courses which were of a nature particularly useful in the medical work of the foreign missions, and at one time he evinced a desire to go to Africa and tour the mission stations of the church.

The evidence is undisputed that the testator was aware of the nature of the general interests in Africa of the Church of the Nazarene. In that connection it is reasonably inferable therefrom that he knew and understood that such interests were maintained and supervised by the general church body at Kansas City and not by the local congregation of that church in Providence. It appears from the evidence that the latter did not function in Africa independently but only cooperatively by assisting the General Board in obtaining funds locally for its foreign missionary work. The local congregation and several

societies within it received contributions from members of The Wesleyan Church of the Nazarene in Providence for the work of the foreign missions, but such contributions were always transmitted to the General Board.

The evidence further shows, however, that the testator expressly intended that The Wesleyan Church of the Nazarene in Providence should be the dispenser of his bounty under his will and not the General Board. It appears therefrom that the testator gave the draftsman of the will a piece of paper on which was written "WESLEYAN CHURCH OF THE NAZARENE, 19 Academy Avenue, Providence, Rhode Island" and instructed him to so describe the church in the residuary clause of the will. It further shows that the testator did not mention any other church of the Nazarene and that the draftsman did not question him concerning the matter, but drafted the clause exactly as he had been instructed in writing by the testator.

We are of the opinion that such evidence removes any apparent ambiguity in the above-quoted residuary clause. It is clear therefrom that the testator desired to make the corporation of The Wesleyan Church of the Nazarene in Providence the trustee of the property which he devised and bequeathed for the benefit of the general interests in Africa of the Church of the Nazarene. But it is equally clear he intended that the general interests in Africa of the general church body were to be the ultimate objects of his bounty. We are further of the opinion that by the words "general interests" he meant any and all of the varied activities conducted by the church in Africa in promoting its missionary work on that continent. However, the evidence shows that he knew such work was not and could not be conducted by the local church and therefore he must have intended that it should, as trustee, pay over the income from the trust to such agency of the general church body as was authorized to conduct that work. Obviously he omitted to specify how and to whom the income of the trust should be paid in order to effectuate

his intention to benefit such "general interests" of the church in Africa. Such omission, however, does not necessarily present an insuperable obstacle in the matter of giving effect to the intention of the testator, if it is otherwise lawful.

This brings us to a consideration of the first question propounded in the bill: Is The Wesleyan Church of the Nazarene entitled to take the residue of the estate and administer the trust therein provided for? That church is incorporated "for the purpose of church worship and religious service of the Almighty God," and its charter further provides that as a Nazarene congregation it is "subject to the provisions of the government of the Church of the Nazarene as from time to time authorized and declared by the General Assembly of that Church." It is, therefore, a part of that general church body and as such the religious and charitable interests of the general church are also the interests of the particular local congregation of the church in Providence. That such congregation does not actively and immediately participate in the conduct of the general interests of the church in Africa does not render those interests any the less the interests of the local church. Clearly those interests are germane in a real and true sense to the purpose for which The Wesleyan Church of the Nazarene was incorporated.

The propagation of "church worship and religious service of the Almighty God" is promoted by the erection and maintenance of chapels, hospitals, schools and clinics designed to dispense religious, humanitarian and educational aid to all who stand in need of such aid and freely accept it. In *Stearns* v. *Newport Hospital*, 27 R. I. 309, 316, this court said: "A corporation may generally execute a trust not expressly forbidden by its charter if the purposes of the trust are germane to the objects stated in the act of incorporation." In *Jones* v. *Habersham*, 107 U. S. 174, 189, the court stated: "A corporation may hold and execute a trust for charitable objects in accord with or

tending to promote the purposes of its creation, although such as it might not, by its charter or by general laws, have authority itself to establish or to spend its corporate funds for."

The above principle has been applied in a number of cases where the relation between the corporate trustee to the objects and purposes of the trusts was certainly no closer than in the case at bar. *Enos* v. *Church of St. John The Baptist,* 187 Mass. 40; *Colbert* v. *Speer,* 24 App. D. C. 187; *Johnston* v. *Hughes,* 187 N. Y. 446; *President and Council of Mt. St. Mary's College* v. *Williams,* 132 Md. 184; *Board of Foreign Missions of General Synod* v. *Shoemaker,* 133 Md. 594.

The last-cited case is in some of its features not unlike the case at bar. There the testator made a gift of the residue to the Church Council of Saint Paul's Lutheran Church to be placed at interest and the interest paid annually to the Board of Foreign Missions. There was no such board in that particular church but there was a Board of Foreign Missions of the General Synod of the Evangelical Lutheran Church in the United States of America of which Saint Paul's church was a member. That board was incorporated and regularly received contributions from Saint Paul's Lutheran Church and other Lutheran congregations for the support of the work in the foreign missions of the General Synod. The testator, through his local church, was a liberal contributor to the board. The board was known to and spoken of by the members of Saint Paul's by its short name, Board of Foreign Missions. The Maryland court of appeals, overruling the court below, held that the testator intended to designate the corporate agency of his church having charge of foreign missions as the real beneficiary so that the gift was to be regarded as to the Church Council of Saint Paul's Lutheran Church but with directions that it regularly pay over the income therefrom to the Board of Foreign Missions of the General Synod. In so holding

the court said at page 601: "This being one of the recognized religious interests which the church was organized to promote, a devise or bequest to it, with provision for the application of the income to such a purpose, is not invalid on the ground that the objects of the gifts are indefinite or that the rule against perpetuities is thereby violated."

We are of the opinion that The Wesleyan Church of the Nazarene is competent to receive and hold both the real and personal estate, as trustee, for the benefit of the general interests in Africa of the Church of the Nazarene and that the net income of such estate should be paid over to the General Board of that church, provided that such board agrees to expend such income solely for the general interests in Africa aforesaid and for no other purpose. The agreement which is appended to the bill of complaint appears to be sufficient in this respect requiring, however, modification to the effect that the General Board will receive only the income of the trust estate, the principal remaining in The Wesleyan Church of the Nazarene as trustee. In the discretion of the trustee, payments of principal, in accordance with the terms of the will, may also be made to the General Board, but it is our opinion that payments of principal which would exhaust or greatly diminish the trust estate should not be made without prior approval of the superior court, as it was the primary intention of the testator to set up a trust fund for the benefit of the general interests of the church in Africa and not to make an absolute gift to the General Board.

The complainant administrator, therefore, may properly pay over to The Wesleyan Church of the Nazarene, 19 Academy avenue, Providence, Rhode Island, a Rhode Island corporation, the residuary estate of the testator, and be fully discharged of any further obligation in respect thereto. Also by force of our construction said church corporation will stand seized and possessed of the legal title to testa-

206

tor's real estate in trust, however, for the benefit of the general interests of the Church of the Nazarene in Africa through The General Board of the Church of the Nazarene, a Missouri corporation, resident at Kansas City in that state. There being nothing in the will that requires the trustee to continue to hold such real estate, it may in its discretion and in accordance with the general principles governing trustees change such investments to other uses which yield an income.

On October 3, 1949, the parties may present to this court for aproval a form of decree, in accordance with this opinion, for entry in the superior court.

*Edward Winsor, Edwards & Angell,* for complainants.

*Tetlow & Tetlow, Edwin B. Tetlow,* for respondent board; *Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Frank L. Hinckley, Jr.,* for respondent J. Willard Bromley, S. Everett Wilkins, Jr., guardian *ad litem; Earle B. Arnold,* for respondents Leslie E. Davis, Marie F. Davis, Sheldon D. Davis and Rose Davis; *Frank F. Davis, Emile H. Ruch,* for respondents Frank F. Davis individually and as administrator of estate of Stephen E. Davis, Harriet Davis, Pearl D. S. Richmond, George F. Hopkins, alias George L. Hopkins, May L. Hopkins, Louise Hopkins Hill, George Hill and Angeline Bray; *William E. Powers,* Attorney General, *John F. O'Connell,* special counsel, for State of Rhode Island.