LUCRETIA E. DOAN ET AL. *vs.* THE VESTRY OF THE PARISH OF THE ASCENSION OF CARROLL COUNTY ET AL.

*Devise to Vestry Held Not to Create a Trust—Misnomer—Power Repugnant to Absolute Gift.*

Certain land was devised to the vestry of a church "to be used for such church purposes as the rector of said church shall or may direct, it being my purpose that the said land and buildings shall be under the control of the rector of the church and shall be used for such church work as he may deem for the best interest of the church." *Held*, that this devise does not create a trust void for uncertainty as to its purpose and beneficiary, but it is a devise to the vestry of a fee-simple estate, free from any trust, for its general and corporate purposes.

*Held*, further, that the power given to the rector to designate the church work for which the land is to be used is a collateral power repugnant to the absolute fee devised to the vestry and is for that reason void.

A deed or will does not create a trust unless there be a separation of the legal estate from the beneficial enjoyment, and a trust cannot exist when the same person possesses both.

The Vestry of the Parish of the Ascension of Carroll County is entitled to take under a devise to the "Vestry of Ascension Church, Ascension Parish, in Westminster, Carroll County," when it was the intention of the testator that the former should be the devisee.

Appeal from the Circuit Court for Carroll County.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Jas. A. C. Bond* and *Stevenson A. Williams* (with whom was *F. Neal Parke* on the brief), for the appellant.

*John Milton Reifsnider* and *Guy W. Steele*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Carroll County in an action of ejectment brought by Lucretia E. Doan, George L. Van Bibber and others, against "The

Vestry of the Parish of the Ascension of Carroll County," a body corporate of the State of Maryland, and "The Order of the Holy Cross of Westminster, Maryland," also a body corporate of the State of Maryland, to recover thirteen undivided eighteenths of a parcel of land lying in Westminster in Carroll County, Maryland, and fully described in the declaration. The case was tried below without a jury on an agreed statement of facts, providing that if the Court should be of opinion that the plaintiffs were entitled to recover, then the Court should enter judgment accordingly with one cent damages and costs; but if the Court should be of opinion that the plaintiffs were not entitled to recover, then judgment should be entered for the defendants, with costs, reserving the right of appeal to either party.

It appears from the statement of facts; 1st. That Lucretia E. Van Bibber being seized in fee of the parcel of land described in the declaration under a valid conveyance thereof, erected certain buildings thereon, and on September 25th, 1892, conveyed said land and buildings to the defendant, "The Order of the Holy Cross of Westminster, Maryland," so long as it should use said land and buildings for the corporate purposes mentioned in its certificate of incorporation, with a proviso that if it should cease to use the same for such corporate purposes, then the title thereto should revert to and vest in the said Lucretia E. Van Bibber her heirs and assigns. 2nd. That the said "The Order of the Holy Cross of Westminster, Maryland," without ever obtaining the sanction of the Legislature of Maryland to said conveyance, entered into possession of said land and buildings upon the execution and delivery of said conveyance, and continued to use the same for its corporate purposes until April 24th, 1905, when it finally abandoned the user thereof for its corporate purposes. 3rd. That the said Lucretia E. Van Bibber died February 8th, 1896, leaving a last will and testament duly executed and admitted to probate by the Orphans' Court of Carroll County, whereby amongst other things she devised as follows: "Whereas I have heretofore, by deed dated September 25th, 1892, granted

and conveyed a parcel of land containing one acre, one rood and four perches of land more or less to 'The Order of the Holy Cross of Westminster, Maryland," (a body corporate of the State of Maryland) subject to the following condition: 'That in the event said Order of the Holy Cross should at any time hereafter abandon said premises for the uses in its certificate of incorporation mentioned, then in that event said land and premises with the buildings and improvements thereon, shall revert to me, my heirs and assigns,' as appears by said deed—and desiring to provide for the disposal of said property in the event of the abandonment and the reversion of the same, as in said deed set forth, *I give and devise said land in said deed described and thereby conveyed, to the Vestry of Ascension Church, Ascension Parish, in Westminster, Carroll County, Maryland, to be used for such church purposes as the Rector of said church shall or may direct, it being my purpose and desire that the said land and buildings thereon shall be under the control of the Rector of the Ascension Church, and shall be used for such work as he may deem for the best interest of Ascension Church."* 4th. That upon the abandonment of said land and buildings as aforesaid, the said Order of the Holy Cross of Westminster, Maryland, surrendered and delivered the actual possession of said land and buildings to "The Vestry of the Parish of the Ascension of Carroll County," one of the defendants, which accepted said delivery and possession, and entered upon said lands and buildings and now holds the same, and has ever since rented the same by the direction and with the consent of the rector of said church, the money derived therefrom being used for the purposes of the Ascension Church, it now and always being the only church within the territorial limits of said parish, there being but one Ascension Church, and but one Ascension Parish in Carroll County, embracing the town of Westminster. 5th. That since the institution of this suit, at the first session of the Legislature after the abandonment of said premises by the said Order of the Holy Cross, the Legislature gave its sanction and consent to the devise now in question in the will of said Lucretia E. Van Bibber; and sixth, that if said

devise is not valid and effective, then the plaintiffs are entitled to thirteen undivided eighteenths of said land and premises.

It will be seen that the corporate name and title of "The Vestry of the Parish of the Ascension of Carroll County" is not correctly given in Miss Van Bibber's will, it being there called "The Vestry of Ascension Church, Ascension Parish, in Westminster, in Carroll County, Maryland." It is too well settled however to admit of question that the misnomer of a corporation will not defeat a devise or bequest to it, if its identity is otherwise sufficiently certain. As was said in *Womans Foreign Miss. Soc.* v. *Mitchell*, 93 Md. 293, "When it is clear who was intended to take, the accidental miscalling of the beneficiary's name will not invalidate the gift." And again in *Reilly* v. *Union Protestant Infirmary*, 87 Md. 668, it was said, "The name is simply descriptive of the legatee. The *name* is no more the legatee than is the name of an individual the individual himself." It is too obvious for argument, upon reference to the agreed statement of facts, that the beneficiary was intended to be "The Vestry of the Parish of the Ascension of Carroll County" and we understand that this is practically conceded by the appellant.

Neither is it denied that Miss Van Bibber had the power and right to devise this property, and the sole question presented is, whether, under a proper construction of the language, the devise is valid or void.

The plaintiffs assert that this devise creates a trust in its subject-matter, and that the trust thus created is void, because its objects are not ascertained, and also because, even if ascertained, it is a perpetuity; while the defendants contend that the devise is of a fee-simple estate, to the Vestry of the Parish of the Ascension, and not a trust, and that the only construction of the subsequent clause relating to the control of the said land and buildings by the rector of the parish is that it is an attempt to engraft upon the fee a naked collateral power to cut down the fee, to which the law will not permit effect to be given.

Mr. Hill on his work on Trustees, 4 Amer. Ed., star page

44, says: "Before the relation of trustee can be constituted, there must necessarily exist; 1st, A subject-matter for a proper trust; 2nd, A person competent to create a trust; 3rd, One capable of holding property as trustee; and 4th, a person for whose benefit the trust property is held, who is known by the somewhat barbarous appellation of *cestui que trust.*"

In the case at bar the land and buildings devised are proper subject-matter for a trust; the devisor is competent to create a trust, and the devisee is capable of taking and holding property as a trustee; but there must still be found within the terms of the devise a *cestui que trust.* On page 55 Mr. Hill says, "The legal owner of property is *prima facie* entitled to its beneficial enjoyment, and in order to convert him into a trustee, there must be a sufficient indication of the intention of the parties that he should hold the estate for the benefit of *others.*" To effect this converstion there must be "a proper declaration of the trust, for it is not the legal conveyance, or transfer of the property, but the declaration of the trust, that operates in the creation of the trustee. *Idem*, p. 64.

It is apparent therefore that wherever a trust is alleged to be created by any instrument or instruments, there must be a separation of the legal estate from the beneficial enjoyment, and that a trust cannot exist where the same person possesses both. As expressed by Mr. Lewin in his work, on Trusts, vol. I, p. 14, 1 Am. ed. "A trust is a confidence reposed in some other than the *cestui que trust*, for which the *cestui que trust* but has no remedy by subpoena in chancery; * * * for as a man cannot sue a subpoena against himself, he cannot be said to hold upon trust for himself. If the legal and equitable interests happen to meet in the same person, the equitable is forever merged in the legal." Mr. Lewin is equally explicit as to the necessity of a proper declaration of trust, saying upon page 83. "It is essential to the creation of a trust, that there should be the intention of creating a trust, and therefore, if upon a consideration of all the circumstances, the Court is of opinion that the settler did not mean to create a trust the Court will not impute a trust where none in fact was contemplated."

In *Bennett* v. *Humane Impartial Society*, 91 Md. 19, this Court said, "Whilst no set form of words is required to create a trust if there be an intention to create one, still there must be a manifestation on the face of the will, of such an intention before a trust will be declared.    The particular circumstances which denote such an intention are necessarily variant; but it may be generally affirmed that where there is a gift to one *for the use of another*, or where the legatee or devisee is clearly designed to have no beneficial interest in the property given to him, a trust for the benefit of some one was intended to be created, and this conclusion would result either from the words used, or from the legal effect of the instrument itself. In the one case there would be an express declaration of a trust, in the other there would be a trust by construction, but in both it is essential that there should be an intention to create a trust, or none will arise."

It is obvious that there is in this will no express declaration of any trust, and if any can be declared to exist, it must rest upon implication derived from the language of the will, and it is contended by the plaintiffs that the words following the devise to the vestry, viz., "to be used for such church purposes as the rector of said church shall or may direct, it being my purpose and desire that the said land and buildings thereon shall be under the control of the rector of the Ascension Church, and shall be used for such church work as he may deem for the best interest of Ascension Church," creates a trust for indefinite purposes or beneficiaries.    Let us see then what it meant by the "church purposes" and "church work" which is here referred to.    If there were anything in this will to justify the conclusion that Miss Van Bibber meant thereby general or diocesan missions, or any of the charitable or religious objects which the christian church at large is concerned in, there might be ground for holding that the Vestry of the Parish of the Ascension of Carroll County was not designed to take the beneficial interest in the property devised to it, and was only designed to be the administrator of its benefits to these indefinite beneficiaries, but this intention must

be deduced from some rational and substantial analysis of the will, and not from abstract speculation merely. If the contention of the plaintiffs is to prevail, they will defeat the intention of the testatrix that they should in no event have this particular property, and as was said in *Bennett* v. *Humane Impartial Society, supra*, "Courts are not, or ought not to be, astute in searching for a construction which nullifies a will if there are other equally reasonable interpretations which uphold it."

In *Phillimores Ecclesiastical Law*, vol. 2, p. 1755, the word "church" is said to be derived from the two Greek words *kurion oikos*, the House of the Lord, and this plainly appears in the Scotch word "*Kirk*." Its primary meaning as given in the Century Dictionary is, "an edifice or place of assemblage for Christan worship." Several secondary meanings are there given, conforming to different contexts in which the word is used, among which are the following: "An organized body of Christians belonging to the same city, diocese or province, as the church at Corinth or the Syrian church;" and "a body of Christians worshipping in a particular church edifice or constituting one congregation."

It is in this latter sense that the word is used in the Code, Art. 23, sec. 206, which provides for incorporating religious societies or congregations generally, and which authorizes them to take and hold property and "to use, lease, mortgage or sell and convey the same in such manner as they shall judge most conducive to the interest of their respective *churches*, societies or congregations."

It is used in the same sense in the Act of 1798, ch. 24, which provides specially for the incorporation of vestries for each of the parishes of the Protestant Episcopal Church in this State. In sec. 29 of that Act it is declared that "no vestry shall sell, alien, or transfer any of their estates or property belonging to their *church* or *churches* without the consent of at least five of their body (of which number the rector shall always be one) together with the consent of both the church wardens;" and in sec. 9 of the same Act, it is provided that the

vestry of each parish, for the time being, shall have an estate in fee-simple in all lands, and other property belonging to them, and "shall manage and direct all such property as they may think most advantageous to the interest of the *parishioners.*"

In the case of *Weld* v. *May*, 9 Cushing, 181, the word church, it was contended, meant an indefinite aggregation of persons, but the Court said, "as commonly used in our law, it is synonomous with *parish*    *    *    *    and designates an incorated society." The references above made to Code, Art. 23, and the Act of 1798, ch. 24, are sufficient to show that as the word is used in the law of Maryland, it is synonomous with the corporate entity holding the title to its property. The devise in this will is to "the Vestry of Ascension Church, Ascension Parish, in Westminster, Carroll County, Maryland," and when she added, "to be used for such church work or church purposes as the rector of said church may deem for the best interests of Ascension Church," it is we think obvious, in the light of what we have said as to the meaning of the word church, that she meant *parish* purposes and *parish* work, that is, the purposes and work of the Vestry of the Parish of the Ascension of Carroll County, or, for the corporate work and purposes of the vestry of that parish. This purpose would be sufficiently clear if the last clause in the devise had been omitted, but it is distinctly asserted and emphasized in that clause where the "church work" previously mentioned, is declared to be such as the rector should deem best, not for the interest of the church at large, but of Ascension Church.

In *Domestic and Foreign Miss. Soc. of the Protestant Episcopal Church in the United States of America* v. *Gaither*, 62 Fed. Rep. 422, there was a bequest of $5,000 to the society above named with a request and desire that it be applied to domestic missions. JUDGE MORRIS said: "This society has for its immediate object two purposes, one domestic, the other foreign missions. It would seem therefore that money given to the corporation as this was, is not to be held by it upon any trust, but is to be expended by it in the missionary work which it carries on in the United States    *    *    *    This is not a case

in which there is a trust, or trustee and *cestui que trust.* It is a direct expenditure by the corporation for the very purpose for which it was created. It is therefore not within the ruling in *Church Extension Soc.* v. *Smith,* 56 Md. 362, and is stronger than *Eutaw Place Bap. Church* v. *Shively,* 67 Md. 493, in which the Court sustained the validity of the bequest as being one for the corporate use of the donee."

So in *Looks case,* 7 N. Y. Sup. 298, a bequest to the American Bible Society, to be used for the promulgation of the Holy Bible was held to be a gift limited to the very use for which the donee was incorporated, and not a trust for an indefinite beneficiary.

Holding as we do that the purposes and uses for which she desired this property to be used were the corporate purposes of the donee, it is immaterial that she wished the rector to determine for which of these corporate uses it should be employed, or whether this was determined by the rector or by the vestry. Inasmuch as the whole beneficial interest in the property is given to the Vestry of the Parish of the Ascension, the true reading of the will is, that the estate given is not an estate given in trust, but one devised to the corporation for its general and corporate purposes. *Bennett* v. *Humane Imp. Soc., supra; Womans Foreign Miss. Soc.* v. *Mitchell, supra.* The legal estate and beneficial interest, being thus vested in the defendant, the estate it takes is an absolute fee-simple. The rector has neither estate nor interest in the subject of the devise, and the power which the testatrix desired to be exercised by him of designating the particular corporate uses to which it should be applied, was not to be exercised for his own benefit or that of another, but for that of the vestry alone. It is therefore a naked collateral power repugnant to the fee devised to the vestry, and for that reason void. As was said in *Smith* v. *Clark,* 10 Md. 194, "no interest in terms is attempted to be reserved or carved out of the land for any other person, the enjoyment of the whole estate being the benefit intended by the testator there to be conferred upon the devisee," but he attempted to do that which the law will

not permit him to do, namely, to prescribe the mode by which this benefit or property, during all time, was to be enjoyed by the devisee  *  *  *  which would be wholly inconsistent with a fee-simple interest, as well as public policy."

For the reasons assigned the judgment will be affirmed.

> *Judgmeut affirmed with costs to the ap-*
> *pellees above and below.*

(Decided June 16th, 1906.)