## GEORGIE ADDIE CONNER, EVA MAY DAVIS, CORA V. WILSON AND EDWIN NICODEMUS

*vs.*

## TRINITY REFORMED CHURCH OF BOONSBOROUGH, WASHINGTON COUNTY, STATE OF MARYLAND, A CORPORATION.

*Trusts: perpetuities; bequests to religious or eleemosynary corporations for purposes covered by charter; "salary" for minister of church.*

In general, where a legacy or devise is given to a corporation for the express purpose of carrying out any of its corporate functions, it will not be regarded as creating a trust, unless the intention to create a trust be clear; but it will be considered as a gift to the corporation itself, upon the condition that it be applied to the particular corporate use.          p. 363

A testator, by the provisions of his will, gave to the "Trinity Reformed Church of Boonsborough" certain improved real property, in trust, to apply the net annual income therefrom to the support of the minister, who might from time to time be in charge of said church: *Held,* that there was no intention to create a trust, and that the corporation took the legal and beneficial title to the property by an estate in fee simple.          p. 365

The word "support," as here used, is to be taken as synonymous with "salary."                    p. 366

*Decided December 13th, 1916.*

Appeal from the Circuit Court for Washington County. In Equity.  (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*J. A. Mason* and *Levin Stonebraker,* for the appellants.

*Henry H. Keedy, Jr.,* and *Chas. C. Keedy,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

Acting under the authority of the 47th General Equity Rule, Art. 16, section 206 of Bagby's Code, the heirs at law of the late John L. Nicodemus, and the Trinity Reformed Church of Boonsborough, Maryland, had docketed a special case stated, in which the appellants were made plaintiffs and the appellee the defendant. The object thereof was to have the Court construe the last will and testament of the said John L. Nicodemus, in so far as the sixth paragraph was concerned, first, as to whether the devise, mentioned therein, was valid or void; secondly, if the said devise was determined to be valid, what estate in the property the defendant took; and thirdly, if the devise was determined to be void, did the heirs of John L. Nicodemus inherit the property.

The sixth paragraph reads as follows: "I give and devise unto the Trinity Reformed Church of Boonsborough, Washington County, State of Maryland, my hotel property known as The Commercial Hotel, in Boonsborough, Washington County, Maryland, in trust to apply the net annual income therefrom to the support of the minister, who may from time to time be in charge of said Church."

The statement of agreed facts filed, stated that the appellants were all of full age and were the only heirs at law of the said John L. Nicodemus; that the appellee is a religious corporation, duly incorporated, and is engaged in religious work in Boonsborough, Maryland, and is the corporation intended to be the object to the bounty of the said John L. Nicodemus under the sixth paragraph of his will, and has a minister in charge who is an important factor in promoting the objects of its corporate existence; that the said Mr. Nicodemus was, during his life and at the time of his death, a member of the said church and that the said Mr. Nico-

demus died seized and possessed in fee of the property mentioned in said sixth paragraph.

The Court below decreed (1) that the devise to the appellee was valid; (2) that the appellee took an absolute estate in fee simple, with all the rights incident to such an estate and (3) that in the event of the property being sold by the appellee, the net proceeds of the sale should be held and invested by the appellee and the net income therefrom applied to the support of the minister who might from time to time be in charge of said church. From that decree, this appeal arose.

The contention of the appellants is, that by the true construction of the said paragraph, a trust was created, and that as it would offend the rule against perpetuities. the devise falls and is void.

It is apparent, therefore, that the principal discussion must be as to whether or not there is a trust created. And so often have cases, similar in many respects to the present one, been before us and our predecessors, that the rules, applicable to their settlement, have become fixed and settled. The late Chief Judge McSherry, in delivering the opinion of this Court in *Bennett* v. *Humane Imp. Society,* 91 Md. 10, has clearly stated the rule by which Courts are to determine when a trust does, or does not, arise. He said: "A trust may be created either by the use of appropriate technical words which, of their own proper vigor, indicate that a trust was designed to be raised, or in the absence of such words, a trust may be created by other language when the purpose to establish it is otherwise sufficiently apparent. In both instances, however, it always becomes a question of intention as to whether a trust exists. If there be a manifest design to establish a trust, then a trust will be declared, though no apt technical words are employed; and if there be an equally manifest design not to establish a trust, then no trust will be declared though the words employed would, but for the contrary intention, be sufficient to create a trust. * * * The particular circumstances which denote such an inten-

tion are necessarily variant; but when a trust of the kind relied on here is asserted, it may be generally affirmed that where there is a gift to one for the use of another, or when the legatee or devisee is clearly designed to have no beneficial interest in the property given him, a trust for the benefit of someone was intended to be created." And in the same case JUDGE McSHERRY also had the following to say, which is particularly appropriate to the facts of the case under consideration: "His intention was that the legatee and devisee named by him should possess it. If that legatee and devisee does not get the property disposed of by this clause, it will be because the testator's intention is frustrated. Ordinarily, the task which devolves upon a Court in dealing with the interpretation of the last will is to ascertain the testator's intention; and the duty then imposed is to give that intention effect, if possible; but in the pending controversy, whilst the intention is apparent enough, the object of the proceedings avowedly is, not to give that intention effect, but to disregard it altogether. There are, of course, instances where this has been done, because the rules of law imperatively required that it should be done; but when done, it has always been done with great reluctance. Courts are not, or ought not to be, astute in searching for a construction which nullifies a will if there are other equally reasonable interpretations which uphold it."

Does the language of this paragraph under consideration show a clearly defined intention upon the part of the testator to create a trust? The general rule is that where a legacy or devise is given to a corporation for the express purpose of carrying out any of its corporate functions, such donation will not be regarded as creating a trust unless the intention to create a trust be clear, but as a gift to the corporation itself upon condition that it be applied to the particular corporate use. This rule is clearly illustrated by the case of *Women's Foreign Miss. Soc. v. Mitchell,* 93 Md. 199. The clause in the will in that case was that the testatrix directed

that her property should be sold and the proceeds be held *in trust* by the managers of a charitable and religious corporation for purposes coming within its chartered ends. This Court held that there was no trust created and said: "If there be a manifest design not to establish a trust, then no trust will be declared though the words employed would or might, but for the contrary, be sufficient to create a trust. Now, perhaps, had the precise phraseology, which is found in the will before us, been used in making a like devise and bequest to a natural person, it might be said that the design was to create a trust, because the purposes indicated are not those ordinarily performed by an individual; but when it is remembered that the very end which the corporation here made the beneficiary was organized to effect is the education of Bible readers and the instruction of girls in foreign lands, it becomes evident that the property was given to the corporation not in trust for indefinite objects, but that it was given to it to be used for its recognized and clearly defined corporate purposes. The specific design of the gift is that the proceeds of the property shall be used, that is spent, by the beneficiary for *its* chartered ends and for some one else's benefit. The corporation is not to hold the fund for the use of others, but it is to spend that fund in the prosecution of its missionary work. * * * Without questioning any judgment heretofore pronounced by this Court, we say that this will creates no trust because none was intended to be created; and the evidence that none was intended to be created, is furnished by the fact that the gift, whatever the language in making it, was to a corporation capable of taking for its chartered purposes, some of which purposes are precisely those indicated in the will as the ones to which the funds were to be devoted. The gift is, therefore, not to the corporation in trust, but to it for its legitimate corporate uses and is free from restrictions other than the conditions that have been indicated." CHIEF JUDGE BOYD, in delivering the opinion of the Court in *Baltzell* v. *Church Home,* 110 Md.

244, states the rule in the following language: "The cases in this State fully establish the doctrine, that when property is left to a corporation for such uses as are within the scope of its corporate purposes, or the objects to whch the gift are to be applied are such as the corporation was organized for, then such gift can not be declared invalid on the ground that it was in trust for indefinite objects, or in conflict with the rule against perpetuities, unless the intention to create a trust is clear." And after reviewing several of the decisions establishing that doctrine including *Woman's Foreign Miss. Soc. v. Mitchell, supra,* from which we have quoted, says the reason for the rule is apparent: "When a testator designates the use of property left by him to a corporation of the character of these two, and those uses are just such as the corporation would make of it in carrying out the objects and purposes of its incorporation, it is like making a person a trustee for himself to declare such uses a trust. It would be equivalent to saying the corporation took the property *in trust* for such purposes as its charter authorized. That may be true in the sense indicated above, as all corporations hold their property in trust to use it as its charter and the law requires, but that is not the kind of trust which the appellants would have to establish the existence of in order to sustain their contention."

The principles contained in the foregoing cases find ample and full support in *Missionary Soc. v. Humphries,* 91 Md. 131; *Erhardt v. Ballo. Meeting,* 93 Md. 669; *Doon v. Ascension Parish,* 103 Md. 662; *Hanson v. Little Sisters,* 79 Md. 434; *Trinity Church v. Baker,* 91 Md. 539; *Ege v. Hering,* 108 Md. 391; *Snowden v. Crown Cork Co.,* 114 Md. 650; *Gray v. Orphans' Home,* 128 Md. 592.

Following the above principles, we are of the opinion that there was no intention upon the part of the testator to create a trust and that the corporation takes the legal and beneficial title to the property and that, therefore, its estate is one in fee simple. ·

The appellants attempt to draw a distinction between the word "support" used in the will, and "salary," which it must be conceded, is an important factor in accomplishing the purposes of the corporation, through enabling every church to have a directing agency in its work. But, in our opinion, the word support was intended to be synonymous with salary. In fact, it is common knowledge that support is the word generally used when speaking of the salary paid ministers. By the terms of the charter, the corporation was authorized to employ a minister and this and the payment of his salary became a most important function for its successful operation.

The reliance placed by the appellants in *Novak* v. *Orphans' Home,* 123 Md. 161, in support of their contention that a trust was created, is misplaced for the portion of the opinion quoted in their brief expressly states that the devise was not to the corporation for its corporate purposes.

The contention made by the appellants that the property was placed *extra commerciam,* and that, therefore, the devise is void, is not tenable, and settled by the decisions in *Peter* v. *Carter,* 70 Md. 139, and *Starr* v. *Starr M. P. Church,* 112 Md. 171, where the cases cited and quoted by the appellants, *Reed* v. *Stouffer,* 56 Md. 236, and *Second Univ. Church* v. *Dungan,* 65 Md. 460, are clearly distinguished from those cases, without encroaching upon the doctrine therein announced.

The decree will be affirmed excepting the third paragraph thereof, which includes matters not submitted to the Court below and which the appellants are not interested in by reason of the conclusion reached as to the first and second paragraphs and hence no injury will be done them. The third paragraph will therefore be stricken out.

> *Decree affirmed, excepting the third paragraph which is stricken out; appellants to pay the costs.*