JAMES F. MATHER

*vs.*

JAMES T. KNIGHT ET AL.

*Charitable Gift—Trust Not Created—Repugnant Power—*
*Educational Purpose—Declaration of Rights.*

A devise and bequest to the Convention of the Protestant
Episcopal Church in the Diocese of Maryland, for the use of
the Trustees of the Hannah More Academy, was valid, it not
creating a trust, but being a gift to the convention for the use
of the academy, which latter was a diocesan school and one
of the agencies of the convention in carrying out one of its
corporate objects and purposes.                pp. 616-620

A devise and bequest to the Convention of the Protestant
Episcopal Church in the Diocese of Maryland, for the estab-
lishment, in a diocesan school, of a memorial "of such nature as"
a person named should select, did not fail to take effect because
of the death of such person without having made the selection,
the power of selection conferred on her being a naked collateral
power, repugnant to the estate devised and bequeathed to the
convention, and therefore void.                pp. 620, 621

A testamentary gift to the Protestant Episcopal Convention
of the Diocese of Maryland for the establishment of a memorial
in a diocesan school, being a gift for educational purposes, is
not subject to the provisions of Article 38 of the Declaration of
Rights.                                        p. 621


*Decided June 26th, 1923.*


Appeal from the Circuit Court No. 2 of Baltimore City
(STEIN, J.).

Bill by James T. Knight and the Fidelity Trust Company, executors under the will of Emilla Mather, deceased, against The Convention of the Protestant Church in the Diocese of Maryland, James F. Mather, and others, for the construction of said will and for other relief. From the decree rendered, said James F. Mather appeals. Affirmed.

The cause was argued before Boyd, C. J., Briscoe. Thomas, Urner, and Offutt, JJ.

*Horton S. Smith,* with whom was *Robert J. Beacham* on the brief, for the appellant.

*Redmond C. Stewart,* with whom were *Edward N. Rich, William L. Henderson* and *Stewart & Pearre* on the brief, for the Convention of the Protestant Episcopal Church in the Diocese of Maryland, one of the appellees.

Thomas, J., delivered the opinion of the Court.

Miss Emilla Mather, of Baltimore City, Maryland, died on the 6th of August, 1918, seised and possessed of a large estate, and leaving a last will and testament, a codicil thereto, dated December 5th, 1914, and a second codicil thereto, dated June 8th, 1917, which will and codicils were duly admitted to probate by the Orphans' Court of Baltimore City, and letters testamentary were granted to The Fidelity Trust Company and James T. Knight, the executors named therein. The seventh item of said will is as follows:

> "Seventh: I give and bequeath unto my friend, Sallie Sprigg Morgan, wife of Rev. William Dallam Morgan, or in the event of her death, to her said husband, the sum of one thousand dollars, one-half thereof to be applied in her, or his, discretion for the use and benefit of the Maryland Branch of the Shut-In Society, and the other half for the Home for Incurables, situate at the corner of Guilford Avenue and Twenty-first Street, in Baltimore City."

And by the third item of the second codicil the testatrix made the following devise and bequest:

"I do hereby give, devise and bequeath all the rest and residue of my estate of every kind and description and wheresoever situate, unto the Convention of the Protestant Episcopal Church in the Diocese of Maryland for the use of the Trustees of the Hannah More Academy for the establishment of a 'Mather Memorial' in the Hannah More Academy of such nature as Miss Anna L. Lawrence, the present principal, may elect and determine; provided, however, that should I survive the said Miss Anna L. Lawrence or should she sever her connection with said Hannah More Academy before my death, then and in that event the aforesaid 'Mather Memorial' shall be of such nature as the Trustees of Hannah More Academy shall elect and determine."

After having stated two administration accounts, the executors, on the 31st of March, 1921, filed in Circuit Court No. 2 of Baltimore City their bill of complaint against all the parties interested in the further administration of the estate, including James Francis Mather, alleged to be the only heir at law and next of kin of said testatrix, and a legatee under said will, the Convention of the Protestant Episcopal Church of the Diocese of Maryland, a body corporate, and the Trustees of the Hannah More Academy, a bory corporate, alleging that the plaintiffs were advised that the items of the will and codicil referred to above were of doubtful validity, and praying the court, among other things, to assume jurisdiction of the further administration of the estate, and to construe said provisions of the will and second codicil.

The record contains the answer of James Francis Mather, consenting to the payment of the legacy mentioned in the seventh item of the will, but alleging the invalidity of the bequest and devise in the third item of the second codicil, and the joint answer of the Convention of the Protestant

Episcopal Church of the Diocese of Maryland, and the trustees of Hannah More Academy, asserting the validity of said item of the second codicil.

At the trial of the case in the court below, the Convention of the Protestant Episcopal Church of the Diocese of Maryland, hereinafter referred to as the Convention, and the Trustees of the Hannah More Academy, hereinafter called the Academy, offered in evidence the acts of the General Assembly of Maryland incorporating them, and several amendatory acts, and proved by the Right Rev. John G. Murray, bishop of th  diocese mentioned, that he is the presiding officer of the Convention and the president of the Academy; that the Trustees of Hannah More Academy are selected by the Convention; that the Hannah More Academy is a diocesan school for girls, the object and purpose of which "is the education of young girls in the different departments of education"; that it is one of the agencies of the Convention for the carrying out of the purposes of its incorporation, and was accepted by the Convention as a diocesan school for girls in 1873, and is located and now in operation at Reisterstown, in Baltimore County, Maryland; that Miss Mather, the testatrix, was during her life very much interested in Hannah More Academy; that she died in August, 1918, and that Miss Lawrence, the principal of said school, mentioned in said will or codicil, who had been an invalid for about a year prior to her death, died on the 4th of December, 1918; that the Convention and the Academy had been advised of and had accepted the devise and bequest contained in said codicil.

The court below decreed, among other things, that the bequest in the seventh item of the will and the devise and bequest in the third item of the second codicil were valid, and from that decree James Francis Mather has brought this appeal, which, while entered generally from the decree, seeks to have reviewed only that part of the decree sustaining the devise and bequest to the Convention.

The contention of the appellant is that the devise and bequest in question created a trust, the object of which is too vague and indefinite to be upheld, and further that it was a gift by the testatrix for the erection of a memorial in the Hannah More Academy to be selected by Miss Lawrence, and that as Miss Lawrence died after the testatrix without having made the selection, a contingency not provided for in the codicil, the trustees of the Academy have no power to make the selection and the gift must, therefore, fall. He cites and relies mainly upon the cases of *Maught* v. *Getzendanner,* 65 Md. 527, and *Hanson* v. *Little Sisters of the Poor,* 79 Md. 434. In *Maught's* case, the clause in question was "I give and bequeath and devise unto Rev. H. G. Bowers, of Jefferson, Maryland, all the rest and residue of my estate, and desire him to use and appropriate the same for such religious and charitable purposes and objects, and in such sums and such manner as will in his judgment, best promote the cause of Christ," and the Court held that the testator did not intend Mr. Bowers to take the property "for his own individual benefit," but intended him to have it for the purposes stated in the will, and that such a trust was "too vague and indefinite to be carried into effect" because the *cestuis que trust* were not defined. The language quoted by the appellant from *Hanson* v. *Little Sisters of the Poor, supra,* is, "that a bequest to trustees for the benefit of a vague and indefinite object is equally as invalid as an immediate bequest to such object," but in that case the Court held that the principle thus stated did not apply to a bequest to "The Vestry of St. Mary's Parish" to be applied by it to the maintenance of the parish school connected with the church, because the school was "embraced within the corporate functions and work of the church."

The Convention of the Protestant Episcopal Church of the Diocese of Maryland was incorporated by the Act of 1840, ch. 67, which was amended by the Act of 1856, ch. 17, and the Act of 1878, ch. 403, provides that the corporate powers

and privileges theretofore conferred upon the Convention
of the Protestant Episcopal Church of the Diocese of Mary-
land by the act amendatory of the original act incorporating
said Convention, "be and the same are hereby explained and
extended so as to enable the said Convention to receive by
gift, devise or otherwise, contributions in money, lands or
other property, and to hold the same for burial grounds,
church colleges, church or parish schools, for the support of
missionaries or mission work, for building, adorning or re-
pairing churches or mission chapels, and for such other gen-
eral or special religious or charitable work or agencies within
the Diocese, and now or hereafter under the jurisdiction,
control or sanction of said Convention, as may be designated
by the donor," &c. The Trustees of Hannah More Academy
was incorporated by the Act of 1837, ch. 189, with power
to receive and use certain devises and bequests under the
will of Mrs. Ann Neilson, of Baltimore County, for the pur-
pose of erecting and maintaining a school for the education of
girls to be called the Hannah More Academy, and with full
power to regulate and superintend the affairs and interest of
said school, "and also receive and hold, for the same purpose,
any other estate, in lands, * * * chattels, monies, or effects
that may be given, granted or bequeathed to them by any
other person or persons whatsoever," &c. In 1874 the Gen-
eral Assembly of Maryland passed a supplementary act (Act
of 1874, ch. 15) to the act incorporating the Academy, which
recites: *"Whereas,* by resolution of the Diocesan Convention
of the Protestant Episcopal Church of the Diocese of Mary-
land * * * the said Hannah More Academy was accepted and
received as the diocesan school for girls; *and whereas* the
said Convention, deeming it expedient that the present num-
ber of the board of trustees should be increased, and that
the appointment of such additional trustees, as well as the
successors of the board of trustees hereinafter to be appointed,
should be made by the said Diocesan Convention, * * * *and
whereas* such resolution was passed upon the application and

with the unanimous consent of the present board of trustees of said Hannah More Academy." The first section of the act named the trustees and provided that they "and their successors shall thereafter be the body corporate known as 'the Trustees of the Hannah More Academy' and shall have and exercise all the rights and powers conferred on the trustees named in the act to which this is a supplement, and enjoyed by the present board of trustees." By the second section of the act it is provided that the bishop of the Protestant Episcopal Church in the Diocese of Maryland, and the assistant bishop thereof, if there be one, shall be *ex officio* members of the board of trustees of said Academy, and that the other trustees of the Academy shall be "elected or appointed by said Convention in such manner as it shall prescribe, so as best to perpetuate the succession of the trustees. to further the interests of the Academy," &c.

Now the devise and bequest in said codicil is to the Convention for the use of the Academy. It is, therefore, a devise and bequest to the Convention for the use of one of its agencies in carrying out one of the objects and purposes of its incorporation. In the case of *Woman's Foreign Missionary Soc.* v. *Mitchell,* 93 Md. 199, the will directed that certain property of the testatrix be sold and the proceeds thereof, together with any money she possessed, "be held in trust by the Board of Managers of the Foreign Missionary Society of the Methodist Episcopal Church of the United States of America for the following purposes: After all my debts, bequests and provision for my burial, etc., be paid, that sufficient be used to educate as Bible readers in India six girls, one to be named 'Dorcas Sherman'; one 'Avis Cecil Sherman'; one 'Mary Jane Sherman'; one 'Sarah Jennie Sherman'; one 'Jennie Smith'; one 'Grace Mabel Sherman'; the money remaining after that set aside for the education of the aforesaid Bible readers to be applied to the purchase of a building to be used for the education of girls in India to be called the 'M. Adelaide Sherman Home.' and the location

of said building to be left to the decision of Bishop Thoburn
or his successors." After holding that the Woman's Foreign
Missionary Society of the Methodist Church, the only mis-
sionary society in the Methodist Church engaged in the
particular work "the intended devisee and legatee was ex-
pected to perform with the proceeds" of the property men-
tioned in said clause of the will, and of which the testatrix
was a member, was the society the testatrix intended to take
under the will, the Court took up the question whether the
clause mentioned was void "by reason of its creating a trust
whose objects are vague, indefinite and uncertain." In dis-
posing of that question and holding that no trust was created,
CHIEF JUDGE McSHERRY said: "If there be a manifest
design *not* to establish a trust, then no trust will be declared
though the words employed would or might, but for the con-
trary intention, be sufficient to create a trust. *Bennett* v.
*Balto. Humane Soc.,* 91 Md. 10. Now, perhaps had the pre-
cise phraseology, which is found in the will before us, been
used in making a like devise and bequest to a natural person,
it might be said that the design was to create a trust, because
the purposes indicated are not those ordinarily performed by
an individual; but when it is remembered that the very end
which the corporation here made the beneficiary was organ-
ized to effect is the education of Bible readers and the instruc-
tion of girls in foreign lands, it becomes evident that the
property was given to the corporation not in trust for indefi-
nite objects, but that it was given to it to be used for its
recognized and clearly defined corporate purposes." In the
case of *Board of Foreign Missions* v. *Shoemaker,* 133 Md.
594, the provision of the will was: "The residue of my estate
to the Church Council of St. Paul's Lutheran Church, in Har-
ney, Carroll County, Maryland. The same to be put on
interest by said council and the interest derived therefrom to
be paid annually by said council to the Board of Foreign
Missions." In holding that this clause did not create a
trust, this Court, speaking through JUDGE URNER, said: "It

is proven in the case that the foreign missionary work in which the Lutheran Church of Harney was regularly and actively interested was conducted through the Board of Foreign Missions of the General Synod of the Evangelical Lutheran Church in the United States of America, an incorporated body, generally known among the church members by the shorter name of the Board of Foreign Missions, by which agency all the funds raised for foreign missions by the Harney Church and other Lutheran congregations were applied to their intended objects. * * * The residuary estate should consequently be regarded as having been devised and bequeathed to the Church Council of St. Paul's Lutheran Church of Harney, with directions that the income be paid to the Board of Foreign Missions of the General Synod of the Evangelical Lutheran Church of the United States. As already concluded, in reference to a preceding clause of the will, a devise or bequest to the Church Council for appropriate church purposes is equivalent to a testamentary gift to the church itself in its corporate capacity. * * * It is essentially a gift to the church for the benefit of foreign missions. This being one of the recognized religious interests which the church was organized to promote, a devise or bequest to it, with provision for the application of the income to such a purpose, is not invalid on the ground that the objects of the gift are indefinite or that the rule against perpetuities is thereby violated." See also *Doan* v. *Ascension Parish,* 103 Md. 662, and *Baltzell* v. *Church Home,* 110 Md. 244.

So in the case at bar, the devise and bequest to the Convention for the use of the Academy, an agency of the Convention in carrying out one of its corporate objects and purposes, does not create a trust, but is equivalent to a testamentary gift to the Convention itself.

It cannot be said that the testatrix, in directing her testamentary gift to be used in the establishment of a memorial in the Hannah More Academy, did not intend to promote the

interests and well-being of the school, or that she intended it to be applied to some object foreign to the corporate purposes of the Convention and Academy.

The devise and bequest do not fail to take effect because of the failure of Miss Lawrence to select the memorial mentioned. The power conferred upon her by the codicil did not give her any estate or interest in the subject of the devise and bequest, but was a naked collateral power, repugnant to the estate devised and bequeathed to the Convention and therefore void. *Doan* v. *Ascension Parish, supra.*

Nor are the devise and bequest in question subject to the provisions of article 38 of the Declaration of Rights. They are gifts to the Convention for the educational purposes provided for in the acts of incorporation. *Chuch Extension M. E. Church* v. *Smith,* 56 Md. 391; *Baltzell* v. *Church Home, supra; Gardner* v. *McNeal,* 117 Md. 33.

As the testamentary gift in question is free of any infirmity affecting its validity, the decree appealed from must be affirmed.

> *Decree affirmed, the costs in this Court and in the court below to be paid out of the estate of the testatrix.*