## WLADYSLAW RYDZEWSKI et al. vs. VESTRY OF GRACE AND ST. PETER'S CHURCH et al.

*Adverse Possession—Conveyance to Religious Corporation— Lack of Legislative Consent—Creation of Trust.*

Although a conveyance to a religious corporation was void under article 38 of the Declaration of Rights, because never sanctioned by the Legislature, *held* that, the grantee having gone into possession under the deed, and it and its assigns having been in continuous, adverse, and exclusive possession for fifty years, a good and marketable title was acquired by adverse possession.                                              p. 535

That a deed to a religious corporation stated that the property was to be used for a particular purpose did not make the estate conveyed an estate on condition.                     p. 535

A conveyance of property to the Convention of the Protestant Episcopal Church of the Diocese of Maryland, a corporation, for use as a place of worship for a named congregation, did not create a trust, the conveyance being for the purposes for which such grantee was incorporated.              p. 536

*Decided April 10th, 1924.*

Appeal from the Circuit Court of Baltimore City (Frank, J.).

Bill by the Vestry of Grace and St. Peter's Church, a body corporate, and the Convention of the Protestant Episcopal Church of the Diocese of Maryland, a body corporate, against Wladyslaw Rydzewski and Wladyslawa Rydzewski, his wife, for specific performance. From a decree for plaintiffs, defendants appeal. Affirmed.

The cause was argued before Thomas, Urner, Adkins, Offutt, and Digges, JJ.

*William F. Podlich,* with whom was *Warren N. Arnold*
on the brief, for the appellants.

*William Ewin Bonn,* with whom was *Edward Guest Gibson*
on the brief, for the appellees.

THOMAS, J., delivered the opinion of the Court.

In January, 1873, George N. Eaton and Susan B. Eaton,
his wife, in consideration of the sum of $4,000, conveyed to
the Vestry of the Church of the Epiphany of Baltimore City,
a body corporate, in fee simple, a lot or parcel of land at the
corner of Pratt and Chester Streets in Baltimore City, which
belonged to the said Susan B. Eaton.    The vestry of said
church undertook to build a church on said lot, but were
unable to complete it, and on the 17th day of April, 1876,
said corporation, in consideration of the sum of $3,270 and
"other good considerations," sold and conveyed the property
to the Vestry of Grace Church, a duly incorporated religious
corporation connected with the Protestant Episcopal Church
in the Diocese of Maryland and having its main church at
the corner of Park Avenue and Monument Street, in Balti-
more City.    The habendum clause of the last mentioned deed
is as follows:

> "To have and to hold the said described property
> unto the said 'The Vestry of Grace Church,' their
> successors and assigns, forever, for the purpose of
> erecting thereon a memorial church and chapel to be
> held forever as a place of worship in connection with
> the Protestant Episcopal Church of the State of Mary-
> land."

In February, 1881, the Vestry of Grace Church, the rector
of said church and Hannah B. Gaither, "in consideration of
the above recited premises" and of the sum of five dollars,
conveyed said property to the Convention of the Protestant
Episcopal Church of the Diocese of Maryland, a body corpo-
rate, its successors and assigns.    This deed recites that said
lot and the church erected thereon had been paid for by
Hannah B. Gaither, "whereby she became entitled to an

equitable interest in said property, which interest she has heretofore waived and hereby releases," and that the property was conveyed to the grantee "as a place of worship for the Congregation of the Memorial Church of the Holy Comforter," and the habendum clause provided that the grantee, its successors and assigns, were to have and hold the property "as a place of worship for the Congregation of the Memorial Church of the Holy Comforter," and that it was agreed and understood that the school-room in the basement of the church, then occupied by Miss Longcope, was to remain under her control and for her use as a schoolroom as long as she desired to use it for that purpose, and that Hannah B. Gaither should be permitted to "remove the tablet" in said church whenever she expressed in writing her desire to do so.

By Chapter 36 of the Acts of 1912, the Vestry of Grace Church and St. Peter's Church were "consolidated into one corporation" under the name of the Vestry of Grace and St. Peter's Church, and all the rights and property of the Vestry of Grace Church passed to the consolidated corporation, and, on the 7th of December, 1923, the Vestry of Grace and St. Peter's Church and the Convention of the Protestant Episcopal Church of the Diocese of Maryland, as parties of the first part, and Wladyslaw Rydzewski and Wladyslawa Rydzewski, his wife, as parties of the second part, entered into an agreement in writing whereby the parties of the first part agreed to sell and the parties of the second part agreed to purchase said property for the sum of $17,000, $500 of which was to be paid prior to the execution of said agreement, and the balance on or before the 29th day of December, 1923. The purchasers paid the $500 on account of the purchase price, but refused to pay the balance on the ground that the parties of the first part could not give them a good title to the property, and thereupon the parties of the first part filed the bill in this case against the parties of the second part for specific performance of said agreement.

At the trial of the case, the plaintiffs, in addition to the deeds and agreement referred to, offered in evidence a deed,

dated December 26th, 1923, from Mary M. Eaton and others, as the only heirs of law of Susan B. Eaton, deceased, of all their right, title and interest in said property, to the Vestry of Grace and St. Peter's Church, and it was agreed that the Vestry of Grace Church was a religious corporation duly incorporated under the General Laws of the State of Maryland relating to Religious Corporations; that a certificate of its incorporation, dated May 30th, 1850, was duly recorded; that it was connected with the Protestant Episcopal Church of the Diocese of Maryland, with its main church at the corner of Park Avenue and Monument Street, and "has, from time to time, maintained mission churches and chapels under its care"; that the Vestry of the Church of the Epiphany of Baltimore City was a religious corporation, incorporated under the General Laws of the State of Maryland relating to Religious Corporations, by a certificate filed among the Charter Records of Baltimore City on the 29th of June, 1872; that Hannah B. Gaither died in January, 1892, leaving a will which is recorded among the Will Records of Baltimore City, and that the Convention of the Protestant Episcopal Church of the Diocese of Maryland is a body corporate, incorporated by an "Act of the Legislature of Maryland." The plaintiffs also proved that the building on the lot in question is a stone church, with a basement, and that the congregation of the Church of the Holy Comforter, which was under the jurisdiction of and connected with the Convention of the Protestant Episcopal Church of the Diocese of Maryland, formerly worshipped there, but that said congregation had been out of existence for two years; that the building on said lot was no longer used as a church; that there were no prospects of building up a congregation to worship in said building, and that if the property is not sold it will have to remain idle; that the church furniture and stained glass windows have been removed; that Miss Longcope has been dead for about twenty years, and that the money derived from the sale of the property will be used by the Convention of the Protestant Episcopal Church of the Diocese of Maryland for other church purposes; that after the Vestry of the Church

of the Epiphany of Baltimore City purchased the lot from George N. Eaton and wife it undertook to build a church on it, but it was unable to complete it and the property was sold to the Vestry of Grace Church, which assumed the indebtedness on the building, and the Vestry of the Church of the Epiphany of Baltimore City then went out of existence.

It is conceded that the conveyance of the property by George N. Eaton and wife to the Vestry of the Church of the Epiphany of Baltimore City was void under article 38 of the Declaration of Rights, because it never received the sanction of the Legislature. The evidence shows, however, that the grantee went into possession of the property under said deed, and that it and its assigns have been in continuous, adverse and exclusive possession of the same ever since, and the Convention of the Protestant Episcopal Church of the Diocese of Maryland has therefore acquired a good title by adverse possession. *Gump* v. *Sibley,* 79 Md. 165; *Zion Church* v. *Hilken,* 84 Md. 170; *Regents* v. *Calvary Church,* 104 Md. 635; *Dickerson* v. *Kirk,* 105 Md. 638; *Seloff* v. *Naidetsch,* 136 Md. 651.

But the appellants contend that by reason of the habendum clause in the deed from the Vestry of the Church of the Epiphany of Baltimore City to the Vestry of Grace Church the grantee therein acquired only "a base or determinable fee," and that, when the grantee and its assigns cease to use the property for the purposes therein indicated, it will revert to the original grantors, and that the grantee having entered into possession of the property under said deed it and its assigns are estopped from asserting any other title. The answer to this contention is that the mere fact that the deed to the Vestry of Grace Church declared that the property was to be used for a certain purpose does not make the estate conveyed an estate on condition. This question is fully discussed and is disposed of in *Newbold* v. *Glenn,* 67 Md. 489; *Kilpatrick* v. *Baltimore,* 81 Md. 179; *Faith* v. *Bowles,* 86 Md. 13; and *Baltimore* v. *Day,* 89 Md. 551, and in the case of *Starr* v. *Starr M. P. Church,* 112 Md. 185, this Court said: "That words in a grant or devise indicating the use to

which the property is to be applied, do not of themselves create a condition, has been repeatedly held by this Court, without encroaching upon the doctrine announced in *Reed* v. *Stouffer,* 56 Md. 236, * * * where the property was conveyed to trustees to be held by them in trust for a certain use." After referring to the provisions of the charter of said church, the Court said further in that case: "This provision does not in terms include the right to sell the property in case it should become necessary to do so in the interest of the church, and the only power denied is the power to impose a lien on the property and thereby subject it to a sale for debt. If the incorporators had intended to take away the power to sell the property under any and all circumstances they would have said so in plain terms, and in the absence of some clear expression of such intention, it cannot be inferred from the language used." The provision in the deed to the Vestry of Grace Church, in regard to the use to which the property was to be applied, did not make the estate thereby conveyed an estate on condition. The assertion by the Convention of the Protestant Episcopal Church of the Diocese of Maryland of title by adverse possession is not, therefore, inconsistent with the habendum clause of said deed, and the doctrine of *Kelso* v. *Stigar,* 75 Md. 376, cited by the appellants, does not apply.

The deed to the Vestry of Grace Church does not show, nor is there evidence in the record tending to show, that Hannah B. Gaither ever had any title, legal or equitable, to the property. On the contrary the deed referred to recites that she "has hitherto waived and hereby releases" any interest she may have had.

The property having been conveyed to the Convention of the Protestant Episcopal Church of the Diocese of Maryland for the purposes for which it was incorporated, the deed to it did not create a trust. *Mather* v. *Knight,* 143 Md. 612. In *Baltzell* v. *Church Home,* 110 Md. 274, CHIEF JUDGE BOYD said: "When a testator designates the use of property left by him to a corporation of a character of these two, and those uses are just such as the corporation would make of it in carrying out the objects and purposes of its incorporation,

it is like making a person a trustee for himself to declare such uses a trust. It would be equivalent to saying the corporation took the property in trust for such purposes as its charter authorized. That may be true in the sense indicated above, as all corporations hold their property in trust to use it as its charter and the law requires, but that is not the kind of trust which the appellants would have to establish the existence of in order to sustain their contention." See also *Woman's Foreign Miss. Soc.* v. *Mitchell,* 93 Md. 199; *Bennett* v. *Balto. Humane Soc.,* 91 Md. 10; *Doan* v. *Ascension Parish,* 103 Md. 662; and *Board of Foreign Missions* v. *Shoemaker,* 133 Md. 594.

The Convention of the Protestant Episcopal Church of the Diocese of Maryland and the corporations under whom it claims having been in continuous, adverse and exclusive possession of the property for more than fifty years, there is no reason why the appellees cannot convey to the appellants a good and marketable title to the property, and the decree of the court below requiring specific performance of the agreement referred to will therefore be affirmed.

> *Decree affirmed, the costs in this Court to be paid by the appellants, and the costs in the court below to be paid as required by its decree.*