## LUCIEN VAN REUTH et al. v. MAYOR AND CITY COUNCIL OF BALTIMORE.

[No. 76, October Term, 1933.]

*Decided January 12th, 1934.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Charles P. Burger, Michael J. Manley,* and *Harley, Wheltle & Webster,* submitting on brief, for the appellants.

*J. Francis Ireton, Assistant City Solicitor,* with whom were *R. E. Lee Marshall, City Solicitor,* and *Paul F. Due, Deputy City Solicitor,* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This suit was brought, as a special case stated, under General Equity Rule No. 45, for the construction of the first paragraph of the will of Julien Van Reuth, dated May 5th, 1929, who died on September 24th, 1931. The plaintiffs are the heirs at law (collaterals) of testatrix, and the defendant is the Mayor and City Council of Baltimore.

The first paragraph of the will is as follows: "After my lawful debts are paid, if, at my death, my estate, known as 'Echodale,' is still undisposed of, I give it to the City of Baltimore, its authorities to use it for any outstanding purpose for which they may deem it best suited—Humanitarian or Artistic." "Echodale" is a tract of land improved by a two-story frame dwelling and outbuildings, located on the Harford Road, and known as No. 5225 Harford Road, in Baltimore City.

At the time of her death the testatrix owned an undivided one-half interest in said property, in fee simple. The other half interest therein was owned at the time of his death on June 28th, 1931, by her brother Charles E. F. Van Reuth, who by his will gave a life interest in all his property to his sister Julien Van Reuth. At the time of her death there was still due $7,000 on a mortgage of said property executed by the said Charles E. F. Van Reuth and Julien Van Reuth to the Union Trust Company of Maryland on December 10th, 1930, to secure a loan of $9,500 at sixty days.

The case was submitted for the construction of said clause and for the court to determine "whether the said devise to the

defendant is valid or void or to grant unto the parties hereto such relief as the court may deem proper and appropriate in the premises," all parties reserving the right to appeal. The chancellor decreed that said paragraph "constitutes a valid gift to the Mayor and City Council of Baltimore of the undivided one-half interest of the testator in the estate mentioned." This appeal is from that decree.

The appellant contends that the devise was void on three grounds:

(1) The purposes for which the devise requires the property to be used are too vague, uncertain and indefinite.

(2) Said property cannot be used by the city for any outstanding purpose for which its authorities may deem it best suited, humanitarian or artistic, the testatrix having owned the equity of redemption in a one-half undivided interest only.

(3) The city council cannot acquire property subject to a mortgage.

"When property is left to a corporation for such uses as are within the scope of its corporate purposes, or the objects to which the gift is to be applied are such as the corporation was organized for, then such gift cannot be declared invalid on the ground that it was in trust for indefinite objects * * * unless the intention to create a trust is clear." *Baltzell v. Church Home,* 110 Md. 244, 269, 73 A. 151; *Eulaw Baptist Church v. Shively,* 67 Md. 494, 10 A. 244; *Halsey v. Convention P. E. Church,* 75 Md. 275, 23 A. 781; *Hanson v. Little Sisters of the Poor,* 79 Md. 434, 32 A. 1052; *Woman's Foreign Missionary Soc. v. Mitchell,* 93 Md. 199, 48 A. 737; *England v. Prince George's Parish,* 53 Md. 466; *Erhardt v. Baltimore Monthly Meeting of Friends,* 93 Md. 669, 49 A. 561; *Bennett v. Humane Impartial Society,* 91 Md. 10, 45 A. 888; *Gray v. Orphans' Home,* 128 Md. 592, 98 A. 202; *Conner v. Trinity Reformed Church,* 129 Md. 360, 99 A. 547; *Mt. St. Mary's College v. Williams,* 132 Md. 184, 103 A. 479; *Mather v. Knight,* 143 Md. 612, 123 A. 109; *Rydzewski v. Grace & St. Peter's Church,* 145 Md. 531,

654

125 A. 717; *Home for Incurables v. Bruff*, 160 Md. 156, 153 A. 403; *Miller, Construction of Wills*, sec. 164, page 439. There is an interesting discussion of the Maryland cases in an able opinion by Judge Soper in *Art Students' League v. Hinkley* (D. C.) 31 Fed. (2d) 469. There can be no doubt that humanitarian purposes are within the scope of the city's corporate purposes. The right to receive and control gifts in aid of the indigent poor or for the general purposes of education or for charitable purposes is expressly given by section 2 of article 1 of the Charter (*Flack's Public Local Laws*, 1930, page 831). Or it might be used for a park or public playground, so far as we know. If either of the purposes named was lawful, it is sufficient. *Baltzell v. Church Home, supra.* It is therefore not necessary to pass on the other purpose. Nor can there be found in the will any evidence of an intent to create a trust. In such circumstances it is fully settled in this state that the gift, being within the scope of the city's corporate purposes, cannot be declared invalid on the ground that it was in trust for indefinite objects. *Baltzell v. Church Home, supra.* This disposes of the first objection. Nor do we find the second or third any more substantial for the purposes of the present inquiry.

The testatrix had an interest which she could convey and one which the city had the right to receive, and she devised it to the city in fee. No doubt she intended the property itself to be used by the city for some public purpose within the meaning of humanitarian or artistic. But as in *Faith v. Bowles*, 86 Md. 13, 37 A. 711, 712, where a lot was conveyed to a county "for a public school house, as the property of the schools of said county, and for no other purpose, in fee," the court said: "There can be no doubt of the intention of the grantors that the estate should be used for public school purposes * * * but we search in vain for any words which indicate an intention that, if the grantee omitted so to use the estate * * * the same should thereupon be forfeited, and revert to the heirs of the grantors"—quoting with approval from *Rawson v. Inhabitants, etc.*, 7 Allen (Mass.), 129, 130;

where it was said that there was no sanction for the doctrine that a deed is to be construed as a grant on condition subsequent solely for the reason that it contains a clause declaring the purpose for which it is intended the granted premises shall be used, when such purpose will not inure specially to the benefit of the grantor and his assigns, but is in its nature general and public, and where there are no other words indicating an intent that the grant is to be void if the declared purpose is not fulfilled. And in *Starr v. Starr M. P. Church,* 112 Md. 185, 76 A. 595, in which the gift was by will, it was said: "That words in a grant or devise indicating the use to which the property is to be applied do not of themselves create a condition has been repeatedly held by this court"—which language was quoted with approval in *Rydzewski v. Grace & St. Peter's Church, supra. Waters v. Order of Holy Cross,* 155 Md. 146, 142 A. 297, seems to be in point on the question of impossibility to use property for the purpose designated by the will. There the testator devised in remainder, after the death of his wife, all his estate, real and personal, to the order, "to be a memorial to my dear son James Somerset Waters, and to be used by them at Thurmont, Maryland, for such educational and charitable purposes as they may deem proper and under the direction of the bishop of Maryland. My present home and the grounds and other buildings is to be designated as the James Somerset Waters Memorial for religious and charitable purposes, under the direction and control of the Order of the Holy Cross." In the answer of the order it was stated that, "by reason of the renunciation of the widow, a sale of the real estate will be necessary, so that what will ultimately come into the hands of this respondent by reason of said legacy will be personal estate." The fact that the property could not be used as directed did not defeat the gift. See, also, *Newbold v. Glenn,* 67 Md. 490, 10 A. 242. But it is not necessary at this time to decide that question or to determine whether it is settled as to this case by the cases cited. There is nothing in the record cited which enables us to know

whether it is impossible for the suggestion or direction of the testatrix to be carried out. She might have contemplated that the city would buy the other half interest, and it is not impossible for it to do so.

The remaining objection is that the property is incumbered by a mortgage. It is argued that the city has no authority to mortgage its property, and therefore it cannot accept as a gift property incumbered by a mortgage. Authorities are cited by appellants for the proposition that, where a municipal corporation has no power to mortgage its property, it cannot purchase and hold property which is subject to a mortgage. 43 *C. J.*, p. 1330; *McQuillen, Municipal Corporations,* vol. 3, p. 706. It will be noted that the inhibition mentioned is against purchasing and holding. Where such an inhibition exists, a fair interpretation of it would be that the city cannot purchase property subject to a mortgage and continue to hold it subject to the mortgage. It is not the law that Baltimore City cannot purchase property desirable and necessary for its corporate purposes merely because the property happens to be incumbered, if the city is prepared to remove the incumberance. Certainly it is not the law that the city cannot accept a devise of valuable property which happens to be subject to a mortgage, however small it may be in proportion to the value of the property, if the city has the money to discharge the incumbrances on taking over the property devised.

*Decree affirmed, with costs to appellee.*